GREENE (MOORE v.). See Case No. 9,763.

---

## Case No. 5,768.

GREENE v. SISSON et al.

[2 Curt. 171.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1854.

ASSIGNMENT FOR BENEFIT OF CREDITORS—PROCEDURE.

Where the amount of a trust fund for creditors is not fixed, and it is necessary to take an account to fix it, all the cestuis que trust must be made parties, either as plaintiffs or defendants; and the act of congress of February 28, 1839 (5 Stat. 321), does not enable the court to proceed without them, to make a decree distributing parts of the fund to those who are entitled to them in severalty.

[Cited in Florence Sewing Mach. Co. v. Singer Manuf'g Co., Case No. 4,884; Cookingham v. Ferguson, Id. 3,182.]
[Cited in Cassidy v. Shimmin, 122 Mass. 410.]

---

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

This was a suit in equity [by Richard Greene, trustee, against David Sisson and others]. The bill stated that a mortgage was made by Benjamin Cozzens to Earl P. Mason to secure the payment by the former to the latter, of the sum of forty thousand dollars, and also to indemnify Mason against certain liabilities. the nature of which appear by the following contract which was made part of the bill: "It is agreed by and between Benjamin Cozzens of Providence, James Read and Christopher C. Chadwick, composing the firm of Read & Chadwick, of Boston, Henry W. Hubbell, John C. Thatcher, and William Brenton Greene, composing the firm of Hubbell, Thatcher and Greene, of New York. Henry Marchant, of Providence, and Earl P. Mason, of said Providence, as follows: The said Read & Chadwick agree to deliver to the said Cozzens, printing cloths to be by him printed, the property in which cloths is not to vest in said Cozzens till they are finished, but the quantity of cloths which the said Read & Chadwick are to deliver to said Cozzens as aforesaid, and the prices thereof and mode of payment for the same, are to be as the said Cozzens and the said Read & Chadwick may hereafter agree. And the said Hubbell, Thatcher & Greene agree to deliver to said Cozzens printing cloths to be by him printed, the property in which cloths is not to vest in said Cozzens till they are finished, but the quantity of cloths the said Hubbell, Thatcher & Greene are to deliver to the said Cozzens as aforesaid, and the prices and modes of payment for the same are to be as the said Cozzens and the said Hubbell, Thatcher & Greene may hereafter agree. And the said Henry Marchant agrees to deliver to said Cozzens, printing cloths to be by him printed, the property in which cloths is not to vest in said Cozzens, till they are finished, but the quantity of cloths which the said Marchant is to deliver to said Cozzens as aforesaid, and the prices and modes of payment for the same are to be as the said Cozzens and the said Marchant may hereafter agree. And the said Cozzens agrees with the said Read & Chadwick, with the said Hubbell, Thatcher and Greene, and with the said Henry Marchant, respectively to pay them for the cloths which they shall respectively deliver to him as aforesaid, to be printed at the prices, and at the times, and in the mode to be hereafter agreed upon between the said Cozzens, and the said Read & Chadwick, Hubbell, Thatcher & Greene, and Henry Marchant respectively. And the said Earl P. Mason guarantees to the said Read & Chadwick, Hubbell, Thatcher & Greene, and Henry Marchant. the payment to them respectively of all debts to become due to them from said Cozzens, on account of said cloths, and the performance by said Cozzens of all his agreements with them respectively in relation to said cloths, subject to the limitations, re-

strictions, and conditions, hereinafter contained. And whereas the said Cozzens has by deed of mortgage bearing date the 26th day of January, A. D. 1846, conveyed to the said Mason the 'Cozzens Mill,' so called, situated in East Greenwich, in the county of Kent, conditioned for the payment by the said Cozzens to the said Mason of four promissory notes for ten thousand dollars each, the first payable two years after the date thereof, the second payable three years after the date thereof, the third payable four years after the date thereof, and the fourth payable five years after the date thereof, all four of said notes bearing date on the said 26th day of January, A. D. 1846, and bearing interest payable quarterly from the date thereof; and one note for five hundred dollars payable two years after the date thereof, which is on the said 26th day of January, A. D. 1846; and also conditioned that the said Cozzens shall well and truly indemnify and save harmless the said Mason from all future liabilities as guarantor for said Cozzens, now it is hereby agreed by and between all the parties hereto, that all the property conveyed by the said deed of mortgage to the said Mason, and the proceeds thereof, should the said Mason sell the same, shall be by him held and applied; First, to the payment of the several promissory notes, principal and interest, mentioned in the conditions of said mortgage, and the expenses of sale and all other expenses incurred and to be incurred; secondly, to indemnify and save harmless himself, the said Mason, from all liability to which he may be subjected by reason of his guaranty for said Cozzens under this indenture, and from no other liability for said Cozzens. And the said Read & Chadwick, the said Hubbell, Thatcher & Greene, and the said Henry Marchant, respectively agree to and with the said Mason, that in case the surplus of said property conveyed to him by the said Cozzens by the deed of mortgage aforesaid, or the proceeds thereof actually received by him over and above the amount of said promissory notes in the condition of said mortgage mentioned, principal and interest, and the expenses of sale and all other expenses incurred, and to be incurred by the said Mason, should be insufficient to indemnify him against his liabilities, as guarantor for the said Cozzens under this indenture, the said Read & Chadwick, the said Hubbell, Thatcher & Greene, and the said Henry Marchant, respectively agree to accept from the said Mason, such surplus proceeds actually received and legally held by him in discharge of his liability as guarantor for said Cozzens, hereby meaning to exonerate the said Mason from all personal liability other than as the holder of the surplus aforesaid. And it is the understanding and agreement of all the parties hereto that the guaranty of said Mason under this indenture, shall stand and be performed to the respective firms and parties in whose favor said guaranty is made, in the following proportions of the said surplus property, namely, to the said firm of Hubbell, Thatcher & Greene one half,—to the said firm of Read & Chadwick one fourth,—and to the said Henry Marchant one fourth of said surplus; and if either of the said firms, or the said Marchant shall sell to said Cozzens printing cloths to an amount greater than the proportion of such surplus, to which said firm or said Marchant is entitled as herein before stated, the said firm or the said Marchant who shall so sell to said Cozzens, shall have no claim upon said Mason or upon said surplus for such excess. And it is hereby further covenanted and agreed by the said Earl P. Mason with the said Read & Chadwick, Hubbell, Thatcher & Greene, and Henry Marchant, that he will upon request, at any time after default made by the said Benjamin Cozzens in making payment to them, or either of them, for cloths furnished under his contract with them, assign to them, or either of them, to hold in the proportions in the contract before named, the mortgage so as aforesaid made to him, and all his rights under the same and all his claims against the said Cozzens therein mentioned and secured, provided they shall first pay to him all the sums of money due him from said Cozzens which are secured by said mortgage, including all the costs, charges, or expenses therein secured. In witness whereof all the parties aforesaid have hereunto set their hands and seals this 26th day of January in the year of our Lord one thousand eight hundred and forty-six. (Signed) Benjamin Cozzens. (L. S.) James Read. (L. S.) Chris. C. Chadwick. (L. S.) Henry W. Hubbell. (L. S.) John C. Thatcher. (L. S.) Wm. Brenton Greene. (L. S.) Henry Marchant. (L. S.) Earl P. Mason. (L. S.) The said Earl P. Mason agrees that any cloths which were delivered by either of the within-named parties to the said Cozzens, for printing, before the execution of this contract were intended to be embraced within it, and I hereby guarantee the payment of the same upon the same terms and conditions as hereintofore expressed. Earl P. Mason. (L. S.) And I assent to the same. Benj. Cozzens. (L. S.)" The complainant claims to be the assignee of Hubbell, Thatcher & Greene's rights under this contract, and he avers that the respondents, being Mason's assignees, have gone into possession of the mortgaged premises, and taken the rents and profits; and prays that on payment by him of what may be due of the debt to Mason, after deducting the rents and profits, he may have an assignment of the mortgage interest from the defendants. The bill was demurred to.

Tillinghast & Bradley, for complainant.
Mr. Jenckes, contra.

CURTIS, Circuit Justice. It is certainly a general rule that persons having distinct interests in the same security, either jointly or in succession, must unite in a bill to enforce their rights, or if some refuse, they must be joined as defendants. Story, Eq. Pl. 272. But it is argued that there is an exception to this rule, when the trust fund is fixed, and each cestui que trust is entitled to an aliquot share. This may be, but the exception does not apply to this case, because the bill seeks for an account, and the trust fund is not fixed, but depends on the result of that account. Palk v. Lord Clinton, 12 Ves. 48; Norrish v. Marshall, 5 Madd. 475; Hobart v. Abbot, 2 P. Wms. 643; Wilson v. City Bank [Case No. 17,797]; Lenaghan v. Smith, 2 Phil. Ch. 301; Wyllie v. Ellice, 6 Hare, 510.

It was further argued, that the last clause in this contract gives to either of the cestuis que trust a right to call for this conveyance, in order to hold the property for his own benefit, and also for the benefit of the others, and as their trustee. I do not think this is the meaning of the contract. It was contingent whether Mr. Cozzens would be in default in his payments or not; and he might be in default to one only, or to all. To meet this contingency, the agreement is to convey to them, or either of them; that is, to them if all shall have become interested; to either of them if only one shall be interested. Besides, if the agreement was to be construed as the plaintiff insists, I should hesitate to say that an assignee succeeded to the right of Hubbell & Co., to stand as trustee for the others. This must be deemed to involve a personal confidence which cannot be delegated by them.

It was argued that the act of congress of February 28, 1839 (5 Stat. 321), has enabled the court to proceed without these parties, because they are out of the jurisdiction. But, as was said by the supreme court in Hagan v. Walker, 14 How. [55 U. S.] 36, the court cannot proceed to take an account in the absence of a necessary party, though he is out of the jurisdiction. And Mr. Justice Story acted on this principle in Wilson v. City Bank [supra], and dismissed the bill. There were other objections to the bill in that case, which could have been removed by amendments; and as counsel, I offer to make them; but the court was of opinion that the case could not proceed without making Williams a party. See Shields v. Barrow, 17 How. [58 U. S.] 130. If the complainant can truly aver by way of amendment of the bill, that the other cestuis que trust have no interest, or that their interests have passed to the defendants, as was suggested at the bar; I am of opinion this would remove the objection.